UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| NAKIEL BLACKWELL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No.: 2:14 CV 49 |
| MARK CALIBAN and KEVIN ELECTRIC COMPANY, INC., | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

This matter is before the court due to the failure of plaintiff Nakiel Blackwell to appear at an April 10, 2014, status hearing and a May 8, 2014, show cause hearing.

On March 28, 2014, the court issued an order granting plaintiff's attorney's Motion to Withdraw and setting the matter for a hearing on April 10, 2014, to inquire into the status of plaintiff's representation. (DE # 8.) That order and a copy of the docket were mailed to plaintiff and were not returned to the Clerk of the Court as undeliverable. Plaintiff failed to appear at the hearing without explanation. The court then ordered plaintiff to appear at a show cause hearing on May 8, 2014, to show cause why plaintiff should not be sanctioned for the failure to appear at the April 10, 2014, hearing. (DE # 12.) The order warned plaintiff that a failure to appear at the May 8, 2014, show cause hearing could result in sanctions, including dismissal of the case.

That order was also mailed to plaintiff and was not returned to the Clerk of the Court as undeliverable. Plaintiff failed to appear at the May 8, 2014, hearing without explanation. The court issued another order, continuing the show cause hearing to June 12,

2014, and warning plaintiff that a failure to appear could result in sanctions, including dismissal of the case. (DE # 16.) That order was sent to plaintiff by certified mail, return receipt requested. The docket indicates that it was returned as undeliverable on June 9, 2014 (DE # 17), because it was unclaimed. It is not the obligation of either the court or the Clerk of the Court to search for litigants. *Redmond v. Laurent*, No. 13–cv–467, 2013 WL 3761106, at *1 (W.D. Wis. July 16, 2013). Rather, it is the obligation of the parties to keep the court informed of where and how they may be contacted. On June 11, 2014, the court vacated the June 12, 2014, hearing because of the lack of service on plaintiff.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736-37; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of plaintiff Blackwell, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff failed to appear at the status conference

2

regarding representation and at a show cause hearing, and plaintiff failed to claim certified mail notifying him of the second show cause hearing. The court also finds that proper warning has been given to Plaintiff. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, plaintiff received "due warning" in multiple formal show cause orders, including the most recent show cause order sent via certified mail, and the court finds that dismissal is warranted by plaintiff's failure to comply with the show cause order of May 8, 2014.

Accordingly, the court finds that no cause has been shown and directs the court to **DISMISS** this case without prejudice.

**SO ORDERED.**

**Date: June 23, 2014**

           s/ James T. Moody
           JUDGE JAMES T. MOODY
           UNITED STATES DISTRICT COURT